United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WALTERS and JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; TRUSTEES OF THE PENSION TRUST FUND FOR OPERATING ENGINEERS; TRUSTEES OF THE PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP; APPRENTICE AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION AND HOLIDAY PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT NEWBERRY, Individually; ROBERT NEWBERRY, Individually and doing business as GOLDEN GATE CRANE & RIGGING, INC.;SUE NEWBERY, Individually; SUE NEWBERRY, Individually and doing business as GOLDEN GATE CRANE & RIGGING INC.; GOLDEN GATE CRANE & RIGGING, INC., A California Corporation; and DOES ONE through TEN inclusive,<br><br>Defendants. | No. C 06-05396 WHA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR *EX PARTE* RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT, AND VACATING HEARING** |

**INTRODUCTION**

In this ERISA action, plaintiffs bring a second *ex parte* motion seeking a right to attach order and a writ of attachment under California Code of Civil Procedure Section 485.010. Plaintiffs are suing defendant Robert Newberry individually and doing business as Golden Gate Crane & Rigging ("Golden Gate Crane"), defendant Sue Newberry individually

1  and doing business as Golden Gate Crane, and Golden Gate Crane, the corporation.
2  Defendants have never appeared in this action nor has defendant corporation Golden Gate
3  Crane appeared in a similar action by same plaintiffs. In their motion, plaintiffs argue that
4  an *ex parte* order is necessary because they fear that defendants are currently in the process
5  of selling their business. For the reasons cited below, plaintiffs' motion is **DENIED**.

## STATEMENT

7  According to the underlying complaint, plaintiffs are trustees of an employee-benefit
8  plan. Plaintiffs allege that defendants breached their contract with plaintiffs, and breached the
9  fiduciary duties they owed to plaintiffs. They seek damages, attorneys costs, and an audit in
10  accordance with the "Master Agreement." The Master Agreement is an agreement defendants
11  became bound to by virtue of their membership in the Crane Owners Association. Under
12  the agreement, Golden Gate Crane was required to make contributions to the employee fund
13  based upon the number of hours worked by their employees. The agreement also required that
14  Golden Gate Crane pay liquidated damages for any late contributions to the fund. Plaintiffs
15  allege that defendants submitted late reports and/or did not make contributions to the trust
16  funds. This forms the basis of their action seeking damages from defendants (Compl. ¶ 5, 6,
17  13). On October 6, 2006, the clerk of this Court entered default against defendants based on
18  their failure to appear in this matter.

19  In both their first and second *ex parte* motions in this matter, plaintiffs allege that
20  defendants are in the process of selling their business, and that, because of this, plaintiffs fear
21  defendants will not pay a judgment entered in this action. The first and second motions are
22  essentially verbatim, with the exception that plaintiffs did file a motion for an expedited hearing
23  after not doing so in their first motion filed September 28, 2006. When plaintiffs were advised
24  that they had not requested an expedited hearing, and needed to schedule a normal
25  thirty-five day hearing, they waited five weeks before filing the instant action.

26  The collections manager for plaintiffs' trust fund, Mr. Wayne E. McBride, submitted a
27  declaration supporting plaintiffs' motion. In his declaration, Mr. McBride stated that he spoke
28  with Mr. Gary Hatton of Hatton's Crane & Rigging. Mr. Hatton allegedly told Mr. McBride

2

1 that he had purchased much of Golden Gate Crane's equipment.  Mr. McBride stated that this
2 conversation formed the basis of plaintiffs' *ex parte* motion (McBride Decl. ¶ 9).

3       To further support their motion and their contention that defendants will not pay a
4 judgment in this case, plaintiffs cite two previous instances as examples of defendants'
5 allegedly dishonest behavior and their failure to meet obligations.  First, the parties attempted
6 to settle an earlier lawsuit between them (where plaintiffs sued defendants as a corporation but
7 not defendants individually).  Defendant Golden Gate Crane allegedly wrote a bad check to
8 plaintiffs, a check that only covered a portion of what was owed to plaintiffs.  Second,
9 defendant Sue Newberry allegedly admitted to liability for the amounts she allegedly owes to
10 plaintiffs and agreed to have her debtor, K&K Crane Rental Services, transfer funds directly to
11 plaintiffs in order to satisfy the debts defendants owe to plaintiffs.  This transfer has not taken
12 place and plaintiffs have not received any funds from defendant Sue Newberry's debtor.  It is
13 unclear when these events allegedly took place (McBride Decl. ¶ 11; Br. at 3, 4).

14 **ANALYSIS**

15       Under FRCP 64, state law provides all remedies when property is to be seized for the
16 purpose of securing satisfaction of a judgment, unless a federal statute governs.  Here,
17 California law governs whether a right to attach order may be issued in the instant action.
18 Under California law, a writ of attachment can only be issued in an action on a claim for money,
19 which is based on an express or implied contract.  The claim must be greater than $500, and any
20 attachment against an individual must arise out of trade, business or professional acts.
21 Cal. Code Civ. Proc. § 483.010.  Because these requirements are satisfied here, plaintiffs can
22 bring this motion seeking a right to attach order and a writ of attachment.

23       In order to obtain an *ex parte* attachment order, plaintiffs must file an affidavit averring
24 (1) whether plaintiffs' claim has a probable validity, (2) plaintiffs would suffer *great or*
25 *irreparable injury* if issuance is delayed pending a hearing on the notice, and (3) that the

3

property sought to be attached is not exempt from attachment. Cal. Code Civ. Proc. § 485.210 (emphasis added).[1]

Plaintiffs can show great or irreparable injury by demonstrating any of the five circumstances detailed in California Code of Civil Procedure Section 485.010(b). This includes: (1) an inference from the circumstances that there is a danger the property the plaintiff seeks to attach would be concealed or otherwise made unavailable, or its value would diminish substantially by the time a judgment was rendered; (2) an inference from the circumstances that the defendant has not paid the debt at issue in the instant action and the defendant is not generally paying the debt, so long as the debts are not subject to a bona fide dispute (the plaintiff's affidavit must specifically aver the known undisputed debts of the defendant, that the debts are not subject to a bona fide dispute, and the basis for the plaintiff's determination that the defendant's debts are undisputed); (3) the recording and publication of a bulk sales notice pursuant to Division 6 of the Commercial Code when there is a bulk transfer by defendant; (4) if the defendant sells any liquor license, whether an escrow account has been opened in accordance with California's Business and Professions Code; or (5) any other circumstances demonstrating the great or irreparable injury the plaintiff would suffer if there was a delay in the order until the matter could be heard on notice at a hearing.

Plaintiffs, without quoting or rephrasing the applicable law, point to Sections 485.010(b)(1), (2), and (3) in their brief to satisfy their requisite burden of demonstrating great

---

[1] While plaintiffs did not satisfy the requirement that they aver to the probable validity of their claim, it is irrelevant because this order does not find that plaintiffs have shown a great or irreparable injury sufficient to warrant a right to attach order and writ of attachment. Assuming they did comply with this requirement, the first and third requirements are satisfied. It is likely that plaintiff will prevail in the underlying action. To establish probable validity, the plaintiff must show that it is more likely than not that the plaintiff will prevail. Cal. Code. Civ. Proc. § 481.190; *Lorber Indus. v. Turbulence, Inc.*, 175 Cal. App. 3d 532, 535 (1985). It is likely that plaintiff will succeed in the action because an entry of default has been entered against defendants. After an entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Because plaintiffs' allegations in the complaint would be taken as true in a motion for default judgment, it is more likely than not that plaintiff would succeed in the underlying action. Secondly, plaintiffs' motion complies with the third requirement of Section 485.210 that the property not be exempt from attachment. The only properties exempt from attachment are properties necessary to support the defendant or his/her family, properties that are compensation paid or payable to defendant employee by his/her employer for personal services. Cal. Code Civ. Proc § 487.020. Because the instant action does not involve properties in any of these categories, defendants' property could be attached by an order.

4

or irreparable injury. Plaintiffs cite their fear that defendants will use any proceeds they receive to start a new business before plaintiffs can secure a judgment in the underlying complaint. They argue that this places them squarely within Section 485.010(b)(1) and (b)(3). Section 485.010(b)(1) is reserved for circumstances where there is a danger that the property may become unavailable. Plaintiffs' evidence of this substantial danger of defendant transferring, removing or concealing the property is not very strong. First, the collections manager for plaintiffs, Mr. McBride, states what he heard from another individual, hearsay which is inadmissible in a declaration, regarding defendants' sale of some of its equipment. Further, plaintiffs have not shown how this is a transfer for deceitful purposes rather than in the ordinary course of business. According to *W. Steel & Ship Repair, Inc. v. RMI, Inc.*, 176 Cal. App. 3d 1108, 1114 (1986), "neither a precarious financial condition nor refusal to pay a disputed claim warrants an inference that a debtor will abscond with all his assets or otherwise conceal them from the creditor." Facts sufficient to support this substantial danger have been much more extreme, including testimony that a transfer was made in order to avoid attachment. *Johnson v. Alexander*, 63 Cal. App. 3d 806, 814 (1976).

With regard to Section 485.010(b)(2), whether there is evidence that defendant has failed to pay debts, the statute states that plaintiffs' affidavit must specifically aver the known undisputed debts of the defendant, the debts are not subject to a bona fide dispute, and the basis for the plaintiff's determination that the defendant's debts are undisputed. Plaintiffs' affidavit, by Mr. McBride, does not state that the debts are not subject to a bona fide dispute nor the basis that those debts are undisputed. While Mr. McBride's declaration does state that it is based on an express contract, it does not go any further (McBride Decl. ¶ 16). There could be defenses that have not been raised; Mr. McBride's declaration should have been more specific as required by the statute. Plaintiffs have not shown any evidence that defendants generally fail to pay debts. Plaintiffs do not even cite *when* plaintiffs wrote a bad check, and plaintiffs do not provide a copy of this bounced check. They also do not cite when defendants failed to ensure transfer of payment due to Golden Gate Crane by K&K Crane.

5

1  Plaintiffs' reliance on Section 485.010(b)(3) is improper because the section involves
2  the recording and publishing of a bulk sales notice, of which no evidence has been presented by
3  plaintiffs.[2]

4  Plaintiffs do not argue that Section 485.010(b)(5) is applicable. If they did assert this
5  section, it would still not offer plaintiffs any relief. This last section is reserved for all other
6  circumstances where delay of the order would wreak great and irreparable injury upon
7  plaintiffs. For the reasons cited above, plaintiffs have not shown that defendants are likely to
8  abscond with plaintiffs' money. Additionally, reinforcing this lack of immediacy, plaintiffs'
9  first *ex parte* motion failed to properly request an expedited hearing and their recent *ex parte*
10 motion fails to add any new information for why there is this imminent need. Plaintiffs were
11 content to file their initial motion, not request an expedited hearing, and then wait five weeks to
12 file another motion seeking an expedited hearing — suggesting this was not as urgent as
13 plaintiffs purport.

14 While plaintiffs have satisfied two of the three requirements in order to obtain an *ex*
15 *parte* right to attach order and writ of attachment, they fail to demonstrate that a *great and*
16 *irreparable injury* would occur if defendants' property is not attached. Rumors that defendants
17 are selling their business are not sufficient to establish the requisite level of injury necessary for
18 a right to attach order and writ of attachment. While plaintiffs do have reason to doubt
19 defendants' informal settlement offers, they do not have reason to doubt their ability to enforce
20 a judgment of the Court. Plaintiffs have not shown this Court how defendants will fail to pay
21 any potential judgment. While defendants have failed to appear in this action, this should not
22 be taken as evidence of defendants' delinquency. Defendants may choose to take a default
23 judgment in order to limit their exposure. *See Int'l Union of Operating Eng'rs v. Karr*,
24 994 F.2d 1426, 1430 (9th Cir. 1993).

---

[2] California Code of Civil Procedure Section 435.010(b)(4) is not applicable in the instant action. This section involves liquor licenses which is not at issue here.

6

**CONCLUSION**

For the above reasons, plaintiffs' *ex parte* motion for the right to attach order and writ of attachment is **DENIED**. The hearing currently scheduled for **DECEMBER 14, 2006**, is **VACATED**. Plaintiffs' motion to shorten time is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: November 6, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE