United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WALTERS and JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; TRUSTEES OF THE PENSION TRUST FUND FOR OPERATING ENGINEERS; TRUSTEES OF THE PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP; APPRENTICE AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION AND HOLIDAY PLAN,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOLDEN GATE CRANE & RIGGING, INC., et al.<br><br>　　　　Defendants.<br>_____/ | No. C 06-01906 WHA<br><br>Consolidated With<br><br>No. C 06-05396 WHA<br><br><br><br>**AMENDED ORDER TO JUSTIFY CALCULATION OF DAMAGES AND CALCULATION OF ATTORNEY'S FEES** |

Pending is a request for entry of default judgment. In reviewing the record submitted by plaintiffs, the Court has become concerned over a number of discrepancies. These must be answered despite the fact that it now appears that one or more defendants have now attempted to file an answer. This order requires plaintiffs show cause as to the following issues:

**1.　CALCULATION OF DAMAGES.**

In this ERISA action, plaintiffs have filed two separate suits alleging defendants' failure to contribute to plaintiff trust funds as required by the agreement defendants signed and the

Employee Retirement Income Security Act of 1974 and the Labor Management Relations Act of 1947 (ERISA). Plaintiffs first brought suit only against defendant Golden Gate Crane & Rigging ("Golden Gate Crane"); plaintiffs filed a second action against defendant Robert Newberry individually and doing business as Golden Gate Crane, defendant Sue Newberry individually and doing business as Golden Gate Crane, and Golden Gate Crane, the corporation. The first suit seeks unpaid contributions plus damages from January 2004 through May 2005; the second suit seeks unpaid contributions plus damages from June 2005 through May 2006. On December 15, 2006, the Court consolidated these actions.

Plaintiffs requested liquidated damages and interest with no indication of how those figures were calculated. In C 06-01906 WHA, the first action plaintiffs filed, plaintiffs have requested damages of $48,506.17 in the liquidated damages and interest category.[1] In studying the application, the Court has tried repeatedly to come up with a calculation that would justify the amount plaintiffs are seeking. No method, however, comes close using their 12% interest rate and 15% liquidated damages rate. Plaintiffs' failure to demonstrate how they have arrived at their calculated damages is baffling. In the first action where plaintiffs seek $48,506.17 in liquidated damages and interest, defendants currently owe plaintiffs $72,559.24 in unpaid contributions. Defendants initially owed plaintiffs $117,673.15 for unpaid contributions from January 2004 through May 2005. Defendants paid $52,321.69 of the unpaid contributions on an unknown date. Plaintiffs have failed to provide information regarding the relevant dates.

The Court cannot grant plaintiffs' requested relief without proof of how plaintiffs arrived at those amounts. The Master Agreement governing this relationship stated that interest was assessed against the whole amount unpaid (Master Agreement, December 1 McBride Decl. Exh. C § 12.13.00). Since defendants paid a portion of that total on an unknown date, interest calculations would vary depending upon the total amount defendants owed at any given time.

---

[1] Plaintiffs refer to different amounts throughout their motion. Mr. McBride's declaration first refers to an assessment of $46,816.94 in paragraph 6 but he then states that the amount owed is $48,506.17 in the penultimate paragraph of his declaration. Similarly, plaintiffs' motion begins by quoting the initial figure of $46,816.94 on page 4 and then requests $48,506.17 in its request for relief on page 6. If the larger figure is meant to reflect continued interest charges, plaintiffs have failed to explain the increase. The Court is skeptical that this increase is due to continued interest charges because Mr. McBride's July 2006 declaration also seeks $48,506.17 in paragraph 11.

2

The unpaid contributions began accruing in January 2004. There is no way to check the accuracy of plaintiffs' figures against this backdrop.

Mr. McBride, in his declaration, refers to a statement prepared by his office which details the amount of work performed by Golden Gate Crane employees, the contributions made by the employer, the amount of liquidated damages and interest owed as a result (December 1 McBride Decl. ¶ 9). It is unclear why plaintiffs have failed to present this information.

Plaintiffs are ordered to provide declarations by Mr. McBride and Ms. Lozano-Batista detailing their calculations and how they arrived at the requested amount of damages, not only in the liquidated damages and interest category in first action C 06-01906 WHA but for all categories of requested relief. This includes plaintiffs' request for unpaid contributions in both C 06-01906 WHA and C 06-05396 WHA, liquidated damages and interest in C 06-05396 WHA, and the additional amount uncovered during an audit of Golden Gate Crane's records in C 06-01906 WHA.[2] These declarations must be filed by **JANUARY 8, 2007**, at **NOON.**

### 2. ATTORNEY'S FEES.

As for the attorney's fees request, Ms. Lozano-Batista's declaration simply states the work performed by "Plaintiffs' attorneys." It does not categorize what matters were worked on by which attorney nor does it state the amount of time spent on each task.

For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name and task for each work entry in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

---

[2] Plaintiffs state that $12,878.89 of the $72,559.24 currently owed in unpaid contributions was uncovered during an audit of defendants' records for January 2004 through May 2005.

3

PROJECT:  ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours | x | Rate | = | Fee |
|---|---|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition | 2.0 | | $100 | | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition | 4.5 | | $200 | | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent | 1.5 | | $100 | | $150 |
| 01-11-01 | RST | Prepare for and take deposition | 8.5 | | $200 | | $1700 |
| 01-12-01 | RST | Prepare for and take deposition | 7.0 | | $200 | | $1400 |
| | | Project Total: | 23.5 | | | | $4350 |

All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state

4

the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

No later than **JANUARY 8, 2007** at **NOON**, plaintiffs' attorneys must file and serve a more detailed declaration, organized by discrete projects, breaking down, *by attorney*, all attorney and paralegal time sought to be recovered.

All counsel who had any role in the submission in question must appear at the hearing on *JANUARY 11, 2007, at 8:00 AM* to discuss the foregoing.

*       *       *

One or more defendants seem to have tried to file an answer. Until the entry of default is set aside, the answer is ineffective. Even if the default is set aside, the Court still wishes plaintiffs' counsel to explain the foregoing.

**IT IS SO ORDERED.**

Dated: December 15, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5