**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEN WALTERS and JOHN BONILLA, et al.,

    Plaintiffs,

  v.

GOLDEN GATE CRANE & RIGGING, INC.,

    Defendant.
_____/

KEN WALTERS and JOHN BONILLA, et al.,

    Plaintiffs,

  v.

GOLDEN GATE CRANE & RIGGING, INC., ROBERT NEWBERRY, SUE NEWBERRY, et al.,

    Defendants.
_____/

No. C 06-01906 WHA

Consolidated With

No. C 06-05396 WHA

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

    In these consolidated ERISA actions, plaintiffs move for summary judgment alleging defendants owe benefit contributions to their trust funds. This order finds there is no genuine issue of material fact and that plaintiffs are entitled to judgment as a matter of law. Accordingly, plaintiffs' motion for summary judgment is **GRANTED**.

**STATEMENT**

Plaintiffs Ken Walters and John Bonilla are trustees of the following employee-benefit trust funds: Operating Engineers Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers; Pensioned Operating Engineers Health and Welfare Fund; Operating Engineers and Participating Employers Pre-Apprenticeship, Apprentice and Journeyman Affirmative Action Training Fund; and the Operating Engineers Vacation and Holiday Plan. The trust funds were created by written trust agreements and are subject to Section 302 of the Labor Management Relations Act, 29 U.S.C. 186, and Sections 3, 4, and 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1002, 1003, and 1132.

At all material times herein, defendant Golden Gate Crane & Rigging, a California corporation ("GGCR") was a member of the Crane Owners Association ("COA") and an employer within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. 152(2), LMRA Section 301, 29 U.S.C. 185, and ERISA Sections 3(5) and 515, 29 U.S.C. 1002(5) and 1145. Defendants Robert and Sue Newberry are corporate officers of GGCR (McBride Decl. ¶¶ 33–34).

By virtue of its COA membership, GGCR became subject to the Operating Engineers Master Agreement. GGCR also signed a collective bargaining agreement with the Operating Engineers Local Union No. 3, a labor organization within the meaning of NLRA Section 2(5), 29 U.S.C. 152(2), and LMRA Section 301, 29 U.S.C. 185. The CBA incorporated by reference the terms of the master agreement and the various trust agreements.

Under the agreements, GGCR was required to make timely contributions to the trust funds based on the number of hours worked by their employees. To encourage prompt payment, the agreements provided for liquidated damages and imposed interest on delinquent contributions. The agreements also allowed plaintiffs to audit GGCR to ensure compliance.

On March 13, 2006, plaintiffs filed a complaint against GGCR (Civil Action No. C06-01906 WHA). The complaint alleged GGCR breached the agreements and the fiduciary duties it owed to plaintiffs. Specifically, it alleged GGCR submitted late contributions and reports to the trust funds and/or failed to make contributions and report to the trust funds as

2

required by the terms of the agreements and ERISA. On August 31, 2006, plaintiffs filed a second action against all defendants: Robert Newberry individually and doing business as GGCR, Sue Newberry individually and doing business as GGCR, and GGCR, the corporation (Civil Action No. C 06-05396 WHA). The complaint mirrored the one filed on March 13, except that it leveled allegations against all three defendants, not just GGCR.

In No. C 06-01906 WHA, plaintiffs seek to recover $123,136.14 in unpaid contributions and damages for the period January 1, 2004 to May 31, 2005, solely from GGCR. Meanwhile, in No. C 06-05396 WHA, plaintiffs seek to recover $180,531.06 in unpaid contributions plus damages for the period June 1, 2005, to August 12, 2006, from all defendants.

Plaintiffs have calculated the unpaid contributions and damages owed by defendants for the period January 1, 2004 to August 12, 2006, as follows:

**No. C 06-01906 WHA**

| | |
|---|---|
| Principal Shortage for Unpaid Contributions | $30,781.14 |
| Additional Unpaid Contributions found in Audit for 1/1/04–5/31/05 | $12,978.10 |
| Cost of the Audit for 1/1/04–5/31/05 | $3,074.31 |
| Liquidated Damages and Interest | $48,506.17 |
| Attorney's Fees and Costs | $27,796.42 |
| **Total** | **$123,136.14** |

**No. C 06-01906 WHA**

| | |
|---|---|
| Principal Shortage for Unpaid Contributions | $8,007.88 |
| Additional Unpaid Contributions found in Audit for 6/1/05–8/12/06 | $122,942.39 |
| Cost of the Audit for 6/1/05–8/12/06 | $2,419.27 |
| Liquidated Damages and Interest | $27,593.18 |
| Attorney's Fees and Costs | $19,568.34 |
| **Total** | **$180,531.06** |

Plaintiffs also seek an injunction allowing their auditors to examine defendants' books for the period August 13, 2006, to present. Finally, pursuant to the agreements, plaintiffs seek

3

1  to recover liquidated damages and interest on any remaining delinquent contributions, and audit
2  costs, reasonable attorney's fees, and other collection costs associated with the injunction.

3      On December 13, 2006, GGCR filed an answer in the first action and defendants filed a
4  joint answer in the second action. On December 15, 2006, an order consolidated these actions.
5  Plaintiffs' motion for summary judgment was filed on October 12, 2007. Defendants advised
6  their attorney, Mark Jordan, not to oppose the motion. Jordan Decl. at 3; Resp. at 3.
7  Defendants then failed to appear at the November 29 hearing on the motion.

**ANALYSIS**

**1.    LEGAL STANDARD FOR SUMMARY JUDGMENT.**

According to Federal Rule of Civil Procedure 56(c), a party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists where the evidence "is such that a reasonable jury could return a verdict for the nonmoving party. The initial burden of demonstrating the lack of a genuine issue of material fact lies with the moving party." All inferences as to the evidence must be drawn in favor of the nonmoving party. If the movant "meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Electric Service, Inc. v. Pacific Elec. Contractors Association*, 809 F.2d 626, 630–631 (9th Cir.1987).[*]

**2.    ERISA AND BREACH OF CONTRACT CLAIMS.**

Under ERISA Section 515, 29 U.S.C. 1145, every employer who is obligated to make contributions under the terms of a CBA must make such contributions in accordance with the terms and conditions of such an agreement. GGCR admitted that it was bound by a CBA to

---

[*] All internal citations within quotations in the cited decisions have been omitted.

4

make contributions to the trust funds.  Accordingly, ERISA Section 515 is applicable to this dispute.

> Section 11.01.00 of the Master Agreement stated:
>
>> The Individual Employer will make . . . payments for each hour worked or paid each Employee . . . covered by this Agreement. Such payments shall be paid . . . on or before the 15th day of the month following the month in which such Employee was employed, and an Individual Employer shall be delinquent if such Individual Employer's Report and payment is not received . . . prior to midnight of the 25th day of that month. All such payments shall be made . . . in such manner provided for by the applicable employer-Union Trust Agreement creating a Trust . . . .  Each Individual Employer is bound by all the terms and conditions of each Trust Agreement and any amendment or amendments thereto which are incorporated by reference herein.  The Union and the Employer agree that these plans are and have been defined contribution plans.

McBride Decl. ¶ 4; Exh. A.1 at 22–23; Exh. A.2 at 64–65; Exh. C.1 at 22–23; Exh. C.2 at 64–65.

Plaintiffs have provided detailed declarations and accounts which demonstrate GGCR's failure to:  (1) pay benefit contributions and provide employer reports, and/or to do so in a timely fashion; (2) pay liquidated damages and interest on delinquent contributions; and (3) submit to further audits, as required by the agreements and ERISA Section 515 (McBride Decl. ¶¶ 11–45; Exh. D, F, and H).  Accordingly, this order finds there is no genuine issue of fact that GGCR breached its agreements with plaintiffs and violated ERISA Section 515.

The next question is whether there is a genuine issue of fact regarding plaintiffs' ERISA and breach-of-contract claims against the other defendants.  Normally, the Court would be concerned that the record does not more accurately demonstrate that the Newberrys should be held liable as owners of GGCR.  In light of the declaration filed by plaintiffs' attorney affirmatively stating defendants' non-opposition, however, and since plaintiffs' motion was so very clear in holding the Newberrys liable individually, this order finds the appropriate course of action is to hold them liable as requested in the moving papers.

### 4. **BREACH OF FIDUCIARY DUTIES CLAIM**.

Plaintiffs claim that defendants, in agreeing to the terms and conditions of the trust agreements, assumed fiduciary duties to plaintiffs.  Under ERISA Section 3(21), 29 U.S.C.

5

1002(21), an employer can qualify as an ERISA plan fiduciary "to the extent that" it exercises authority, control, or responsibility with respect to the plan or its assets. An employer who performs "purely ministerial functions" in administering a plan, however, may not be a fiduciary. *Ward v. Management Analysis Co. Employee Disability Ben. Plan*, 135 F.3d 1276, 1286 (9th Cir. 1998); *see also* 29 C.F.R. 2509.75-8, at D-2 (1996) ("[P]ersons who have no power to make any decisions as to plan policy, interpretations, practices or procedures are not fiduciaries under ERISA").

While the agreements may have required defendants to make contributions and submit reports, there is no indication or allegation that defendants exercised authority, control or responsibility with respect to management or administration of the trust funds or the trust funds' assets. Based on the evidence presented, a reasonable jury could conclude that the true nature of the relationship between defendants and the trust funds was contractual, and not fiduciary, in nature; that defendants are merely debtors, not fiduciaries. Accordingly, this order finds there are genuine issues of material fact regarding this claim.

### 5. LEGAL AND EQUITABLE RELIEF.

ERISA Section 502(g)(2) provides:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of
>
>   (i)  interest on the unpaid contributions, or
>
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [. . .]
>
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)  such other legal or equitable relief as the court deems appropriate.

Plaintiffs have submitted detailed declarations and accounts demonstrating the unpaid contributions and damages owed by defendants. Accordingly, this order finds the legal and

6

equitable relief sought by plaintiffs against defendants for breach of contract and the ERISA violation is reasonable.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment is **GRANTED**.

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment against defendants Golden Gate Crane & Rigging ("GGCR"), Robert Newberry individually and doing business as GGCR, and Sue Newberry individually and doing business as GGCR, is **GRANTED**;

2. In Civil Action No. C06-01906 WHA, defendants shall pay plaintiffs:

   (a) $30,781.14 in delinquent contributions;

   (b) $48,506.17 in liquidated damages and interest;

   (c) $12,978.10 for additional unpaid contributions discovered in the audit for January 1, 2004 – May 31, 2005;

   (d) $3,074.31 for the cost of the audit for January 1, 2004 – May 31, 2005;

   (e) $27,796.42 in attorney's fees and costs.

3. In Civil Action No. C06-05396 WHA, defendants shall pay plaintiffs:

   (a) $8,007.88 in delinquent contributions;

   (b) $27,593.18 in liquidated damages and interest;

   (c) $122,942.39 for additional unpaid contributions discovered in the audit for June 1, 2005 – August 12, 2006;

   (d) $2,419.27 for the cost of the audit for June 1, 2005 – August 12, 2006;

   (e) $19,568.34 in attorney's fees and costs.

7

       4.     Defendants shall submit to an audit of their books and records in order to determine the full amount of employer contributions they owe to the plaintiffs for the period August 13, 2006, to present (but the period prior to August 12, 2006, is now reduced to judgment and may not be re-opened by virtue of any audit);

       5.     Defendants shall pay plaintiffs all amounts due and owing for the period August 13, 2006, to present found as a result of the audit;

       6.     Defendants shall submit to plaintiffs all required monthly contribution reports, contributions due and owing, plus interest and liquidated damages;

       7.     Defendants shall pay plaintiffs all reasonable future costs, including but not limited to attorney's fees and costs of audit, associated with enforcing this order.

**IT IS SO ORDERED.**

Dated:  December 4, 2007.

                                                                WILLIAM ALSUP
                                                                UNITED STATES DISTRICT JUDGE