UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WALTERS, et al., | No. C-06-01906 WHA (DMR) |
| Plaintiffs, | Consolidated with |
| v. | No. C-06-05396 WHA (DMR) |
| GOLDEN GATE CRANE & RIGGING, INC., | **ORDER RE PLAINTIFFS' REQUEST FOR RECONSIDERATION OF JANUARY 3, 2012 ORDER** |
| Defendant. | |

KEN WALTERS, et al.,

    Plaintiffs,

    v.

GOLDEN GATE CRANE & RIGGING, INC., ROBERT NEWBERRY, SUE NEWBERRY, et al.

    Defendants.

_____/

The court is in receipt of Plaintiffs' January 4, 2012 letter requesting reconsideration by the court of its January 3, 2012 Order directing Plaintiffs to personally serve the court's December 7, 2011 Order setting a debtor's examination of Robert Newberry, as an officer of Judgment Debtor Golden Gate Crane & Rigging and in his personal capacity, on Defendants. [Docket Nos. 149 (Case No. 06-1906); Docket No. 111 (Case No. 06-5396) ("Jan. 4, 2012 Letter").]

Plaintiffs submitted an email that appears to indicate an agreement that Defendants would accept service of all further documents by mail. (Exh. A to Jan. 4, 2012 Letter.) However, Plaintiffs have previously represented to the court that Defendants are no longer represented by counsel. [Docket No. 138 (Case No. 06-1906).]

In order to enforce a money judgment by writ of execution, the procedure on execution "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In California, an order for the examination of a judgment debtor must be "*personally serve[d]* . . . on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in [California Code of Civil Procedure] Section 415.10 . . . ." Cal. Code Civ. Proc. § 708.110(d) (emphasis added).

In this case, it is unclear whether a prior agreement of the parties to accept service by mail changes the requirements of California Code of Civil Procedure section 708.110(d). Further, given that Defendants are no longer represented by counsel and Robert Newberry is proceeding *pro se*, the most prudent course to effectuate proper enforcement of the writ of execution is to require strict compliance with the personal service requirement of section 708.110(d). Accordingly, the court VACATES the currently scheduled date of January 18, 2012 for the debtor's examination. By no later than **January 13, 2012**, Plaintiffs shall submit a proposed scheduling order for a judgment debtor examination to take place on a new date of their choosing that is in accordance with the court's scheduling of such examinations and that will permit personal service of the Order setting the debtor's examination to be effected on Defendants.

IT IS SO ORDERED.

Dated: January 6, 2012

DONNA M. RYU
United States Magistrate Judge

2